Argued and submitted June 5, reversed and remanded for reinstatement of citation and penalty July 12, 1989

## ACCIDENT PREVENTION DIVISION,
*Petitioner,*

*v.*

## GORSAGE, INC.,
dba Howard Jacobs Masonry,
*Respondent.*

(SH-87-088; CA A50317)

776 P2d 589

John T. Bagg, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James R. Watts, Portland, argued the cause for respondent. With him on the brief was Watts & Watts, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Accident Prevention Division (APD) seeks review of a Workers' Compensation Board order vacating a citation and penalty. We reverse and reinstate the citation and penalty.

APD cited defendant, a masonry contractor, for a violation of OAR 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, a rule governing the use of scaffolding and ladders on construction sites. The rule requires:

> "Guardrails and toeboards shall be installed on all open sides and ends of platforms more than 10 feet above the ground or floor, except needle-beam, ladderjacks and float scaffolds. (see Rules 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, 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 and 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)."

The Board held that APD should instead have cited OAR 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, which provides:

> "Tubular welded frame scaffolds shall be equipped with guardrails as prescribed in rules 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 through 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."

The Board reasoned that APD erred in citing a general rule prescribing standards for all types of platforms, rather than the specific rule prescribing safety standards for tubular welded frame scaffolding, because,

> "where the specific standard [OAR 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] addressed a specific condition (guardrails as *prescribed*), then it is not appropriate for the general standard [OAR 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] to become applicable, and that is the situation in this case." (Emphasis in original.)

It vacated the citation and the penalty.

**1, 2.** The rule of statutory construction that a specific rule controls over a general rule applies in a situation where there is a conflict or inconsistency between the two rules. ORS 174.020; *Davis v. Wasco Intermediate Education District,* 286 Or 261, 593 P2d 1152 (1979). There is no inconsistency or conflict between the two rules. The rule cited by APD, although in a section pertaining to all scaffolding and ladders, contains specific requirements necessary to the implementation of the rule that the Board concluded should have been cited, OAR 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. Furthermore, OAR 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 incorporates by reference the rule actually cited. Thus, the two rules are complementary rather than contradictory.

Given the language of the two rules at issue, citation of either rule would have been adequate to inform defendant of the violation with which he was charged. Accordingly, we hold that the Board erred. in vacating the citation and the penalty.

Reversed and remanded for reinstatement of the citation and penalty.